UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| ROBERT WHITLEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-1411 |
| ) | |
| SECTEK, INC. ) | |
| ) | |
| Serve: Ann Trinca, Registered Agent ) | |
|        1650 Tysons Boulevard, #925 ) | |
|        McLean, VA 22102 ) | |
| ) | |
|     Defendant. ) | |

COMPLAINT

Preliminary and Jurisdictional Statement

1. This is a lawsuit for sex discrimination in employment. Plaintiff Robert Whitley was wrongfully accused of sexually harassing a fellow employee of defendant SecTek, Inc. Thereafter, and despite a competent investigation that exonerated him, he was fired based on painfully pretextual grounds, after being told that it was better for the company to fire a man accused of sexual harassment, regardless of the merits of the complaint, than contend with a female employee accusing him of sexual harassment. This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* The court has jurisdiction under 28 U.S.C. §1331.

## Parties

2. From January, 2006 until October 2018, plaintiff Robert Whitley was employed by Sec-Tek Inc., initially as a security officer and, following his 2009 promotion, as lead shift supervisor, earning $120,000/year.

3. Defendant SecTek is a Virginia corporation specializing in security and protective services for government and private companies. At all relevant times it was the employer of Mr. Whitley and also of a security guard named Franchesca Sylver.

## Claim For Relief

4. In the period prior to July 2018, Mr. Whitley and Ms. Sylver were on friendly terms as co-workers at SecTek. Ms. Sylver exchanged many friendly electronic communications with Mr. Whitley, including cute videos of her young daughter. Mr. Whitley, who was happily married and old enough to be Ms. Sylver's father, had and displayed zero romantic or sexual interest in Ms. Sylver, nor did Ms. Sylver in him. Mr. Whitley's wife was aware of their friendship and thought it fine.

5. In March 2018, Mr. Whitley and his wife were planning to go on a 10-day cruise. Mr. Whitley, who had been following internet postings of an on-line male trainer and an on-line female trainer, had shown his wife an internet posting of the 51-year old female trainer as motivation for her to proceed with a program to get in shape for the cruise. The photograph depicted the trainer in a highly provocative bikini-style bathing suit.

6. In March 2018, while chatting with Mr. Whitley at work, Ms. Sylver told him that she was planning to go on vacation to Cancun or Punta Cana, and that she wanted to get into shape for the occasion. Mr. Whitley mentioned to her that he had shown a photograph of a female trainer to his wife as motivation for her to get into shape for their own vacation, and Ms. Sylver asked to see it.

7. Mr. Whitley thereupon sent Ms. Sylver a screen shot of the trainer from his own phone, from one of the trainer's on-line postings. The screen shot displayed the trainer in the highly provocative bikini-style outfit.

8. Ms. Sylver, who was standing together with Mr. Whitley at the time, expressed surprise and delight at how well-presenting the trainer was, given her age. She expressed no offense, either at the trainer's attire or at Mr. Whitley for showing it to her at her request.

9. Following Mr. Whitley's display of the trainer's photograph to Ms. Sylver, the two continued in their cordial and friendly relationship for several months.

10. In June 2018, SecTek management implemented a new, more rigorous protocol mandating no private business or idle chatting by employees on work hours. Part of Mr. Whitley's responsibilities as a lead shift supervisor was to enforce this protocol.

11. In July 2018, Mr. Whitley and Program Manager Sean Storms witnessed Ms. Sylver ignoring her work responsibilities in favor of sending private text messages. Given his position as lead shift supervisor, and management's recent determination to tighten up on lax employee behavior, he felt he had no choice but to report this to management. He did so.

12. As a result of Mr. Whitley's report, Ms. Sylver was disciplined by being suspended with pay for one day in August, 2018.

13. Ms. Sylver was infuriated with Mr. Whitley for causing her to be disciplined and determined to retaliate against him for having done so.

14. In September 2018, Ms. Sylver accused Mr. Whitley to management of having "harassed" her, exhibiting in support of her claim the provocative photograph of the trainer that Ms. Whitley had sent her at her request. She did not advise management that she had asked for the photo and enjoyed seeing it, entirely without taking offense.

15. An appropriate investigation of Ms. Sylver's complaint was made by an experienced sex harassment investigator. The investigator concluded that the charge of sexual harassment was bogus, and so advised management.

16. Management responded to the investigator that regardless of the result of his investigation "It's a lot cheaper to fire the guy than to take on a sexual harassment lawsuit from a female; just look at the news."

17. Management thereupon launched an expanded inquiry into Mr. Whitley's lengthy tenure at SecTek. The investigation was a farce, and the results thereof untenable as a basis for termination.   18. Nevertheless, on or about October 1, 2018 SecTek management told Mr. Whitley that it would give him a chance to resign rather than be fired.

19. When Mr. Whitley complained to SecTek's Vice President Douglas Daniels, Mr. Daniels told him that it was in the company's interest to contend with a man claiming wrongful termination than with a woman claiming harassment at work and exhibiting a risque picture in support of the claim, regardless of the merits of the harassment claim.

20. Mr. Whitley refused to resign, as he had done nothing wrong. On or about October 10, 2018 he was fired, having been found guilty of sexual harassment and also some add-on offenses designed to justify termination should the charge of sex harassment be exposed for the untenable claim it was. None of the charges laid at Mr. Whitley's door had merit or, given the company's established practice, merited discipline anywhere near as severe as termination.

21. Notwithstanding that no ground existed on the basis of which Mr. Whitley might have been fired, he was nevertheless fired for the reasons expressly admitted to him and others by company officials: that it was easier for the company to fire a man, regardless of the merits of the complaints against him, than to fire a woman claiming sex harassment at work.

22. Mr. Whitley was unemployed for eight months following being fired. Eventually he secured his current job, paying him less than half what he was making at SecTek when he was fired.

23. Mr. Whitley's income loss resulting from his wrongful termination amounts to $80,000 during his period of unemployment, and approximately $5,000/month since July 2019. He has also suffered embarrassment and humiliation at being charged with sexual harassment and contrived add-on offenses that never occurred, as well as suffered damage to his professional reputation and employment prospects.

24. On March 1, 2019, Mr. Whitley, litigating *pro se* in Alexandria, Virginia General District Court, secured a judgment of $5,000 – the amount for which he had sued – against Ms. Sylver for having defamed him with her claim of sex harassment,

Cause of Action

25. By firing Mr. Whitley because it was easier to fire a man wrongfully accused of sex harassment than contend with a female employee who had so accused him, SecTek discriminated against Mr. Whitley on the basis of his sex, in violation of Title VII of the Civil Rights Act of 1964.

26. Mr. Whitley filed a timely complaint of sex discrimination against SecTek with the Equal Employment Opportunity Commission. This complaint is being filed within 90 days of his receipt of a right-to-sue letter from the EEOC. Mr. Whitley has exhausted his administrative remedies relative to this complaint.

Wherefore, Mr. Whitley asks for an order awarding him:

* Reinstatement, back-pay and front-pay appropriate to the proof at trial,

* His actual damages appropriate to the proof at trial,

* Punitive damages appropriate to the proof at trial

* Costs of suit, including reasonable attorney's fees, and

* Such other relief as is just.

Mr. Whitley requests trial by jury.

Respectfully submitted,

ROBERT WHITLEY,

By counsel

Dated:   November 18, 2020

Counsel for Plaintiff:


//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
**WhitleyRobert\PleadingsFederal\Complaint**