IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ROBERT WHITLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-01411 (RDA/TCB) |
| | ) | |
| SECTEK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant SecTek, Inc.'s ("SecTek") Motion to Dismiss Plaintiff Robert Whitley's Complaint ("Motion") (Dkt. 6). The Court dispenses with oral argument as it would not aid in the decisional process. Local Civ. R. 7(J). Accordingly, this matter is now fully briefed and ripe for disposition. Considering Plaintiff Robert Whitley's ("Whitley") Complaint (Dkt. 1); SecTek's Motion (Dkt. 6); SecTek's Memorandum in Support of its Motion (Dkt. 7); Whitley's Memorandum in Opposition to the Motion ("Opposition") (Dkt. 9); SecTek's Reply in Support of its Motion ("Reply") (Dkt. 10), and for the following reasons, it is hereby ORDERED that SecTek's Motion (Dkt. 6) is DENIED.

## I. BACKGROUND

SecTek is a Virginia company that specializes in providing security and protective services to both the public and private sectors. Dkt. Nos. 1, 2; 7, 1. Whitley was employed by SecTek from January of 2006 to October of 2018. Dkt. 1, 2. Although Whitley was initially employed as a "security officer," in 2009, he was promoted to the position of "lead shift supervisor." *Id.* From 2009 until 2018, Whitley worked in that capacity. *Id.* A woman named Franchesca Sylver ("Sylver") also worked for SecTek as a "security guard." *Id.*

Whitley describes that "prior to July [of] 2018," he and Sylver were "on friendly terms as co-workers[.]" *Id*. Whitley describes that in March of 2018, Whitley sent his wife a picture of a female "trainer in a highly provocative bikini-style bathing suit" in an effort to "motivat[e] [] her to proceed with a program to get in shape for" their upcoming cruise. *Id*. Whitley alleges that same month, Sylver told him that she was also planning a vacation, and similarly she wanted to get "into shape for the occasion." *Id.* at 3. In light of this, Whitley claims that Sylver asked Whitley to see the picture that he had previously sent his wife. *Id*. In turn, Whitley did so while he was still standing next to Sylver. *Id*. Whitley explains that after seeing the picture, Sylver "expressed surprise and delight" and did not seem offended. *Id*. After this exchange, from Whitley's perspective, he and Sylver remained "cordial and friendly[.]" *Id*.

But in June of 2018, SecTek instituted a new workplace policy that prevented employees from conducting personal business or engaging in "idle chatt[er]" during work hours. *Id*. Whitley was responsible for enforcing this new policy as a lead shift supervisor. Dkt. Nos. 1, 3; 7, 1. In July of 2018, Whitley felt that he observed Sylver violating this new policy, and "felt that he had no choice but to report" Sylver's behavior to management. Dkt. Nos. 1, 3; 7, 1-2. Accordingly, Whitley did so. *Id*. In light of Whitley's report, in August of 2018, Sylver was suspended with pay for one day. Dkt. 1, 3; 7, 2.

In September of 2018, Sylver alleged that Whitlety had sexually harassed her by sending her the photo of the female trainer. Dkt. Nos. 1, 4; 7, 2. SecTek hired an "experienced sex[ual] harassment investigator" to ascertain the truth surrounding the alleged sexual harassment. Dkt. Nos. 1, 4; 7, 2. Whitley contends that the investigator found the sexual harassment allegation against Whitley to be "bogus" and without merit. Dkt. 1, 4. Yet, Whitley alleges that management told the investigator that, notwithstanding the result of the investigation, "[i]t's a lot

2

cheaper to fire the guy than to take on a sexual harassment lawsuit from a female; just look at the news." *Id.*

After the investigation, SecTek embarked on an "expanded inquiry" into Whitley's time as a SecTek employee. *Id.* Whitley alleges that "[t]he investigation was a farce, and the results thereof untenable as a basis for termination." *Id.* On October 1, 2018, "SecTek management" informed Whitley that he could either resign or be fired. *Id.*; Dkt. 7, 2. Whitley complained to SecTek's Vice President, Douglas Daniels ("Daniels"). Dkt. 1, 4. Daniels told Whitley that "it was in the company's interest to contend with a man claiming wrongful termination [rather] than with a woman claiming harassment at work and exhibiting a risqué picture in support of the claim, regardless of the merits of the harassment claim." *Id.*

On October 10, 2018, SecTek terminated Whitley's employment. *Id.*; Dkt. 7, 2. According to Whitley, SecTek terminated Whitley for "sexual harassment and also some add-on offenses designed to justify termination should the charge of sex[ual] harassment be exposed for the untenable claim it was." Dkt. 1, 5.

On November 18, 2020, Whitley filed a Complaint in this Court. Dkt. 1. On February 10, 2021, SecTek filed its Motion (Dkt. 6), which Whitley opposed (Dkt. 9). On March 2, 2021, SecTek filed its Reply. Dkt. 10.

## II.  STANDARD OF REVIEW

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "test[] the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; '[they do] not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Hall v. Greystar Mgmt. Servs., L.P.*, 637 Fed. App'x 93, 99 (4th Cir. 2016) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). When deciding a Rule

3

12(b)(6) motion to dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).  To survive a motion to dismiss, a complaint "must contain sufficient facts to state a claim that is 'plausible on its face.'" *Kolon*, 637 F.3d at 440 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint containing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  Allegations "of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).  At the motion to dismiss phase, a plaintiff does not need to plead facts constituting a *prima facie* case. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)).  Rather, a plaintiff must simply plead facts adequate to raise their claims "above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

## III.  ANALYSIS

In his Complaint, Whitley alleges that SecTek wrongfully terminated his employment, and in doing so, violated Title VII of the Civil Rights Act of 1964. Dkt. 1, 6.

SecTek has moves to dismiss this claim, arguing that Whitley has failed to plead sufficient facts in support of his claim. Dkt. Nos. 6; 7.  SecTek urges that this is so because: (1) being fired for claims of sexual harassment, even false claims of sexual harassment, does not

constitute discrimination under Title VII; and (2) SecTek's decision to terminate Whitley was a reasonable business decision.  Dkt. 7, 3-8.

In opposition, Whitley argues that he is not claiming that he was terminated solely because he was accused of sexual harassment.  Rather, his claim is that he was terminated on the basis of his sex given that his employment was terminated because he was a male accused of sexual harassment by a female.  Dkt. 9, 1-2.  Whitley argues pursuant to Supreme Court precedent, simply put, sex cannot play a role in the decision to terminate an employee.  *Id.* Whitley explains that statements made by SecTek's upper management demonstrate that his termination was at least partially based on his sex.  Dkt. 9, 3.

Considering these arguments, the Court makes the following findings.

Under Title VII of the Civil Rights Act of 1964 it is "unlawful . . . for an employer . . . to discharge any individual . . . because of such individual's . . . sex. . . . ."  42 U.S.C. § 2000e-2(a)(1) (2021).  Moreover, "an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."  42 U.S.C. § 2000e-2(m).  Under Title VII, sex discrimination is generally evaluated using "the traditional but-for causation standard[,]" though under certain circumstances, plaintiffs may also prevail "by showing that a protected trait like sex was a 'motivating factor' in a defendant's challenged employment practice."  *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1739 (2020); *see Philips v. Martin Marietta Corp.*, 400 U.S. 542, 543-44 (2021).

SecTek argues that Whitley's Title VII sex discrimination allegation amounts to a claim that "he was terminated because he was falsely accused of sexual harassment" and therefore fails under *Balazs v. Liebenthal*, 32 F.3d 151, 155 (4th Cir. 1994).  Dkt. Nos. 7, 3-4; 10, 2-3.  In

*Balazs*, the Fourth Circuit determine that to be "falsely accused of conduct which, if true, might have given rise to a claim of employment discrimination based on sex by someone else" does not, in and of itself, give the accused a cause of action for sex discrimination. 32 F.3d 151, 155.

This Court finds that SecTek's reliance on *Balazs* is misplaced. Here, Whitley does not contend that Sylver's purportedly false accusation was itself a kind of employment discrimination. Instead, Whitley explicitly asserts that his employment was terminated "because it was easier to fire a man wrongfully accused of sex[ual] harassment than contend with a female employee who had so accused him." Dkt. 1, 6. Read in the light most favorable to him, Whitley alleges that his termination was the product of a confluence of factors and that his sex was one of the motivating factors that drove SecTek's decision. *See id*. Whitley raises these allegations above a speculative level by setting forth two separate instances, which, at this point, the Court must accept as true, wherein SecTek's upper management explained that Whitley's sex was a motivating factor for his termination. Dkt. 1, 4. First, Whitley describes that SecTek management commented that "[i]t's a lot cheaper to fire the guy than to take on a sexual harassment lawsuit from a female; just look at the news." *Id*. Second, Whitley alleges that SecTek's Vice President told him that "it was in the company's interest to contend with a man claiming wrongful termination [rather] than with a woman claiming harassment at work and exhibiting a risqué picture in support of the claim, regardless of the merits of the harassment claim." *Id*.

In both of these instances, SecTek's upper management seemed to refer to both the claims Whitley and Sylver might have against the company as well as their respective sexes and, based on the allegations, seemed to have made a decision that because Whitley was a "guy," SecTek would be better suited if it terminated Whitley as opposed to its female employee,

6

Sylver. *Id.* When read in the light most favorable to Whitley, the pleadings raise Whitley's claim of sex discrimination above a speculative level. Whitley has adequately pleaded that his sex was motivating factor for his termination. Therefore, Whitley's claim is not barred by *Balazs* as SecTek suggests.

It bears repeating that, under Title VII, an employer may not "discharge any individual . . . because of such individual's . . . sex[.]" 42 USCS § 2000e-2. Also, sex may not be "a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* As the Supreme Court of the United States has held, "a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision." *Bostock*, 140 S. Ct. at 1739 (emphasis in original); *see Philips*, 400 U.S. at 543-44.

SecTek argues that it did not fire Whitley based on his sex. Dkt. Nos. 7, 5-7; 10, 3-4. Rather, it claims to have terminated Plaintiff based upon his poor judgment in sending Sylver the "provocative" picture; the need to protect SecTek employees from future similar incidents; and the business calculation that a wrongful termination lawsuit would be easier to deal with than a sexual harassment lawsuit. *Id.* SecTek contends that these reasons represent business decisions "uniquely within the province of a business – and not [] act[s] of sex discrimination." Dkt. 7, 7. But SecTek's counternarrative ignores the Rule 12(b)(6) standard of review (*supra*, p. 3-4). As described above, Whitley has pleaded sufficient facts to suggest that his sex was a motivating factor in his termination. Dkt. 1, 4.

## IV. CONCLUSION

Accordingly, for the foregoing reasons SecTek's Motion (Dkt. 6) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
August *13*, 2021

/s/

Rossie D. Alston, Jr.
United States District Judge