<u>Initial introduction of the case to the jury</u>

Robert Whitley, the plaintiff, was fired from his job as a security guard lieutenant at the U.S. Patent and Trademark Office after one of his subordinates, Franchesca Sylver, complained that he had sexually harassed her. Mr. Whitley claims that Ms. Sylver's complaint was baseless and made in retaliation for his having disciplined her at work. Mr. Whitley claims that SecTek decided – and that its top management said – that in today's social climate, it would be in the company's interests to terminate him – a male – rather than contend with a female employee complaining of sex harassment, even if that claim was unfounded.

SecTek contends that it conducted a proper investigation into Ms. Sylver's complaints and fired Mr. Whitley because it found him to have violated company policies and procedures. SecTek denies that Mr. Whitley was fired because it was in the company's interest to fire a man accused of harassment than contend with a female employee complaining of harassment, and denies that any company representative ever said anything to this effect.

You will have to decide whether SecTek fired Mr. Whitley for legitimate, non-discriminatory reasons, or whether SecTek considered Mr. Whitley's sex in deciding to fire him.

<u>Instructions During Trial</u>

Mr. Whitley proposes the following form instructions for use during trial, should they become necessary. The instructions, from O'Malley, *Federal Jury Practice and Instructions*, (5th ed. 2001), appear on the following two pages:

102.40	Plaintiff's Instruction B: Evidence Admitted for a Limited Purpose

105.02	Plaintiff's Instruction C: Use of Depositions as Evidence

<u>Plaintiff's Instruction B</u>

The evidence you are about to hear has been admitted for a limited purpose. You must consider this evidence only for that limited purpose and for no other.

§102.40, O'Malley, *Federal Jury Practice and Instructions*, (5th ed. 2001)

Plaintiff's Instruction C

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

§105.02, O'Malley, *Federal Jury Practice and Instructions*, (5th ed. 2001)

<u>Instructions following close of evidence</u>

      Mr. Whitley proposes the following form instruction for use following the close of the evidence, as needed. The instruction is from O'Malley, *Federal Jury Practice and Instructions,* (5th ed. 2001):

104.27 - Plaintiff's Instruction I: Suppression of evidence

<u>Plaintiff's Instruction I</u>

If you should find that a party willfully suppressed evidence in order to prevent its being presented in this trial, you may consider such suppression in determining what inferences to draw from the evidence or facts in the case.

§104.27, O'Malley, *Federal Jury Practice and Instructions,* (5th ed. 2001)

In addition, Mr. Whitley proposes that the following special instructions be given at the end of the evidence:

L.   Title VII – Plaintiff's Theory explained

M.   Title VII – Cat's Paw Liability Defined

O.   Title VII – Finding Instruction

P.   Title VII – Alternatives for the Court: Using or Not Using Advisory Jury on Damages

Q.   Title VII – Damages – Compensatory Damages Defined

R.   Instructing Jury Whether "Back Pay" and "Front Pay" Are Determined By Court

S.   Title VII – Damages – "Back Pay" Explained

T.   Title VII – Damages – "Front Pay" Explained

U.   Punitive Damages Defined

<u>Plaintiff's Instruction L</u>

<u>Title VII – Plaintiff's Theory Explained</u>

Mr. Whitley claims his sex was a motivating factor in SecTek's decision to fire him. He claims that SecTek decided it would be in the company's interests in today's social climate to terminate him rather than contend with a female employee complaining of sex harassment, even if her claim was unfounded.

If you conclude that Mr. Whitley has established these facts by a preponderance of the evidence, he has proven a violation of his federally protected right to be free from sex discrimination in the terms and conditions of his employment.

ECF 12, Order denying SecTek motion to dismiss at 6-7

Plaintiff's Proposed Jury Instruction M

"Cat's Paw" Liability Defined

Mr. Whitley claims that SecTek is liable for discrimination under a theory known as the "cat's paw." In the employment discrimination context, "cat's paw" refers to a situation in which a biased subordinate or supervisor who is not the formal decision-maker uses the formal decision-maker as an unwitting proxy to effect an adverse employment action. A plaintiff alleging liability under the cat's paw theory seeks to hold an employer liable for the discriminatory motives of a person other than the one who made the formal employment decision.

SecTek alleges that its Human Resources Director, Leslie Howard-Watts, was the formal decision-maker who fired Mr. Whitley and that she was not biased against Mr. Whitley because of his sex. To show discrimination under a "cat's paw" theory, Mr. Whitley must present evidence that a biased person other than Ms. Howard-Watts harbored a sex-based bias against him and that this person's bias played a role in his termination as a SecTek employee.

*Staub v. Proctor Hosp.*, 562 U.S. 411, 415 (2011); *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 377 (6th Cir. 2017), quoting *EEOC v. BCI Coca-Cola Bottling Co. of Los Angeles*, 450 F.3d 476, 484 (10th Cir. 2006) (citations omitted); *Menaker v. Hofstra Univ.*, 935 F.3d 20, 39–40 (2d Cir. 2019); *Sinha v. Bradley Univ.*, 995 F.3d 568, 574 (7th Cir. 2021).

<u>Plaintiff's Instruction O</u>

<u>Finding Instruction</u>

Based on the instructions I have given you, I am giving you the following instruction as a guide to your fact-finding duties.

      a.    If you find by a preponderance of the evidence that SecTek management decided, before October 1, 2018, that because of Ms. Sylver's complaint of sex harassment it was preferable to fire a man than contend with a woman claiming sex harassment, and that Mr. Whitley was fired for this reason, then you must find for Mr. Whitley on his sex discrimination claim and proceed to assess damages.

      b.    If, on the other hand, you find by a preponderance of the evidence that SecTek used only non-discriminatory reasons to terminate Mr. Whitley and his sex played no role in that decision, then you must find for SecTek.

      c.    Finally, if you find by a preponderance of the evidence that the decision by SecTek to fire Mr. Whitley was motivated in part by his sex and in part by non-discriminatory reasons, you must find for Mr. Whitley on his claim of sex discrimination but you may not award him damages.

42 U.S.C. §§ 2000e - 2(a)(1); 5(g)(2)(B)

<u>Plaintiff's Instruction P</u>

<u>Preliminary note on damages instruction</u>

Mr. Whitley seeks the court's guidance on whether it intends to use an advisory jury pursuant to FED. R. CIV. PRO. 39(c) on the issues of back pay and front pay should the jury find for Mr. Whitley on the issue of liability. Back pay and front pay are equitable forms of relief that are awarded by the court, not the jury. *See E.E.O.C. v. Baltimore Cty.*, 904 F.3d 330, 335 (4th Cir. 2018) (back pay); *Taylor v. Republic Servs., Inc.*, 968 F. Supp. 2d 768, 802 (E.D. Va. 2013) (front pay). Mr. Whitley's proposed instruction #18(a) informs the jury that an award of compensatory damages should not include back pay or front pay because these will be determined by the court at a later time. His instruction #18(b) directs the jury to consider an award of back pay and front pay, with instruction to separately list those amounts on the special verdict form submitted herewith.

As a practical matter, Mr. Whitley's considerable economic loss will be presented as evidence in support of the emotional distress and other non-economic adverse consequences resulting from his termination. For this reason, in the event of a finding of liability in Mr. Whitley's favor, the Court will not have to receive post-verdict evidence even if it does not use an advisory jury on back-pay and front-pay.

Plaintiff's Instruction Q

Compensatory Damages

If you find by a preponderance of the evidence that SecTek intentionally discriminated against Mr. Whitley by firing him and that he would not have been fired otherwise, then you must consider the issue of compensatory damages. You must award Mr. Whitley an amount that will fairly compensate him for any injury he actually sustained as a result of SecTek's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Mr. Whitley in the position he would have occupied if the discrimination had not occurred. [Last sentence only if advisory jury is to be used on pay issues.]

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Whitley experienced as a consequence of SecTek's unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

Mr. Whitley has the burden of proving damages by a preponderance of the evidence. But the law does not require that he prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

§ 5.4.1, Compensatory Damages – General Instructions, Model Civil Jury Instructions for the U.S. Court of Appeals for the Third Circuit, 2020.

Plaintiff's Instruction R

R(1). <u>Back Pay and Front Pay to be Awarded by the Court, not Jury</u>

In awarding compensatory damages, you are not to include the amount of wages that Mr. Whitley would have earned, either in the past or in the future, had he continued in employment with SecTek. This will be determined later by the Court.

R(2). <u>Advisory Jury Determination of Back Pay and Front Pay</u>

In addition to an award of damages described above, you may separately award amounts that Mr. Whitley would have earned, either in the past or in the future, had he continued in employment with SecTek. These elements of recovery of wages that Mr. Whitley would have received from SecTek are called "back pay" and "front pay". "Back pay" and "front pay" are to be awarded separately under instructions that I will give you, and any amounts are to be entered separately on the verdict form.

<u>Plaintiff's Instruction S</u>

<u>Back Pay</u> (if using advisory jury)

If you find that SecTek intentionally discriminated against Mr. Whitley in firing him, you may award Mr. Whitley "back pay" in an amount that reasonably compensates Mr. Whitley for any lost wages and benefits, taking into consideration any increases in salary and benefits that he would have received from SecTek had he not been fired. Back pay damages cover the period of time from when Mr. Whitley was terminated on October 1, 2018 until the date of your verdict.

§5.4.3, Title VII Damages, Compensatory Damages – Back Pay, Model Civil Jury Instructions for the U.S. Court of Appeals for the Third Circuit, 2020

<u>Plaintiff's Instruction T</u>

<u>Front Pay</u> (if using advisory jury)

You may also determine separately an amount of "front pay" equal to the present value of any future wages and benefits Mr. Whitley would reasonably have earned from SecTek had he not been terminated. "Front pay" covers the period of time starting with the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Mr. Whitley will receive from other employment during that time. Mr. Whitley has the burden of proving these damages by a preponderance of the evidence.

If you find that Mr. Whitley is entitled to recovery of future earnings from SecTek, then you must reduce any award to its present value by considering the interest that Mr. Whitley could earn on the amount of the award if he made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable if Mr. Whitley receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because he can earn interest on it for the period of time between the date of the award and the date he would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Mr. Whitley can earn on that amount in the future.

§5.4.4, Title VII Damages, Compensatory Damages – Front Pay, Model Civil Jury Instructions for the U.S. Court of Appeals for the Third Circuit, 2020.

<u>Plaintiff's Instruction U</u>

<u>Punitive Damages</u>

Mr. Whitley claims the acts of SecTek were done with malice or reckless indifference to his federally protected rights, and that as a result there should be an award of punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. An award of punitive damages is permissible in this case if you find by a preponderance of the evidence that SecTek management acted with malice or reckless indifference to Mr. Whitley's federally protected rights in causing him to be fired. An action is done with malice if done in the knowledge that it violates the federal law prohibiting discrimination. An action is done with reckless indifference if done with knowledge that it may violate the law.

You should consider whether actual damages standing alone are sufficient to deter or prevent SecTek from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those SecTek may have committed.

§5.4.2, Compensatory Damages – General Instructions, Model Civil Jury Instructions for the U.S. Court of Appeals for the Third Circuit, 2020.