## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

ROBERT WHITLEY,                            )
                                          )
      Plaintiff,                          )
                                          )
      v.                                  )   Case No.: 1:20-CV-1411 RDA-TCB
                                          )
SECTEK, INC.                              )
                                          )
      Defendant.                          )

### AMENDED JOINT PROPOSED JURY INSTRUCTIONS

The parties Plaintiff, Robert Whitley, and Defendant, SecTek, Inc., by and through their respective counsel, and pursuant to the Court's Order dated February 18, 2022 (ECF No. 36), submit their joint jury instructions.


Date: March 31, 2022

/s/ *Victor M. Glasberg*                    /s/ *Michael E. Barnsback*
Victor M. Glasberg, (Bar No. 16184)         Michael E. Barnsback (Bar No. 33113)
Victor M. Glasberg & Associated            O'Hagan Meyer, PLLC
121 S. Columbus Street                    2560 Huntington Avenue, Suite 204
Alexandria, VA 22314                     Alexandria, VA 22303
T: (703) 684-1100                         T: (703) 775-8603
F: (703) 684-1104                         mbarnsback@ohaganmeyer.com
vmg@robinhoodesq.com

                                           *Counsel for Defendant*

*Counsel for Plaintiff*


### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically with the Clerk of the Court and served electronically using the CM/ECF upon all counsel of record.

                              /s/ *Michael E. Barnsback*

                              *Counsel for Defendant*

## A.   PRELIMINARY INSTRUCTIONS

JOINT PROPOSED JURY INSTRUCTION NO. 1

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict, you will decide the disputed issues of fact.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial, you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that

goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 2
**(Opening Instruction)**

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, Plaintiff, Robert Whitley, will present evidence in support of his claims, and Defendant's lawyer may cross-examine the witnesses.  At the conclusion of Plaintiff's case, Defendant, SecTek, Inc., may introduce evidence, and Plaintiff's lawyer may cross-examine the witnesses. Defendant is not required to introduce any evidence or to call any witnesses. If Defendant introduces evidence, Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.  Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 3

**(Claims and Defenses)**

The issues in this case and the positions of the parties can be summarized as follows:

Plaintiff Robert Whitley claims that Defendant SecTek terminated him because of his sex. SecTek denies that it discriminated against Mr. Whitley based on his sex.

Mr. Whitley, was employed by SecTek as a supervisor. A female subordinate of Mr. Whitley, named Franchesca Sylver,  made a complaint against Mr. Whitley asserting among other things sexual harassment.   Twelve days later, a male subordinate of Mr. Whitley, named  Hamayan Mirza made a complaint against Mr. Whitley asserting religious discrimination and harassment based on Mr. Mirza's Muslim religion.  SecTek investigated both complaints and claims that it made the decision to terminate Mr. Whitley's employment based on the investigations.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 4

**(Judge's Questions to Witnesses)**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. You are the sole and exclusive judge of the facts.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 5

**(Stipulations)**

The parties have stipulated, or agreed to the following:

(1) October 1, 2018, was the first day of employment for Leslie Howard-Watts at SecTek; and,

(2) Deborah Leahy, SecTek's former general counsel, died in October of 2021.

You must now treat these as facts as having been proved for the purpose of this case.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

UNITED STATES DISTRICT JUDGE

## B.   INSTRUCTIONS AT THE CLOSE OF TRIAL

JOINT PROPOSED JURY INSTRUCTION NO. 6

**(Consideration of the Evidence; Duty to Follow Instructions)**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.

You must perform your duties as jurors without bias or prejudice as to any party. You are to consider only the evidence in the case. The law does not permit you to be controlled by speculation, guesswork, sympathy, prejudice, or public opinion. You may draw reasonable inferences from the evidence by using your common sense. That is, you may draw from the facts that you find have been proven, such reasonable inferences or conclusions as you feel are justified in light of your experience. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. The evidence will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on video. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as true.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 7

**(Evidence at Trial)**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to .

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 8
**(Witness Credibility)**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

After making your own assessment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 9

**(No Bias or Prejudice)**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of Plaintiff, Robert Whitley and the answers of Defendant, SecTek. You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  All of the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 10

**(All Persons Equal Before the Law)**

The fact that Mr. Whitley is an individual and SecTek is a corporation must not enter into or affect your verdict.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  SecTek and Mr. Whitley are both entitled to the same fair trial at your hands.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 11

**(Direct and Circumstantial Evidence)**

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 12

**(Reasonable Inferences)**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 13

**(Impeachment)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 14
**(Preponderance of the Evidence)**

Mr. Whitley has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If Mr. Whitley should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for SecTek

SecTek has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 15
**(Title VII Introductory Instruction)**

In this case the Plaintiff, Robert Whitley, has made a claim under a federal civil rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin. More specifically, Mr. Whitley claims that he was fired by the defendant, SecTek, because of his sex.

SecTek denies that Mr. Whitley was discriminated against in any way.

I will now instruct you more fully on the issues you must address.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 16
**(General Employment Discrimination Instructions)**

Mr. Whitley claims that he was terminated by SecTek because of his gender. To succeed on this claim, Mr. Whitley must prove:

1. SecTek terminated Mr. Whitley; and

2. Mr. Whitley's gender was a motivating factor in SecTek's decision.

If either of the above elements has not been proven by a predonderance of the evidence, your verdict must be for SecTek and you need not proceed further in considering this claim.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 17

WITHDRAWN AS DISPUTED

JOINT PROPOSED JURY INSTRUCTION NO. 18

**(Investigation Standard)**

In relying on an investigation to terminate an employee, the decision-maker does not need to have 'undisputed' evidence of misconduct or a body of evidence free from credibility issues before the decision-maker may act to terminate the employee, so long as the investigation is free from bias or discriminatory motive.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 19

**(Business Judgment)**

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.  It is not the function of the jury here to second guess the wisdom of SecTek's business decisions.

In reaching your verdict on Mr. Whitley's discrimination claim, you must keep in mind that the law requires only that an employer not discriminate against an employee based on his gender. The law does not require an employer to make correct or fair decisions. Therefore, in deciding the Mr. Whitley's discrimination claim, it is not your function to substitute your judgment for that of SecTek.


 GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____


_____
UNITED STATES DISTRICT JUDGE

JOINT PROPOSED JURY INSTRUCTION NO. 20

**(Mixed Motive Affirmative Defense)**

SecTek claims that Mr. Whitley's sex was not a motivating factor in its decision to fire him.  SecTek also argues that it would have fired Mr. Whitley anyway, for other breaches of company policies and procedures.

If Mr. Whitley proves that his sex was a motivating factor to fire him, SekTek may not avoid liability by showing that additional nondiscriminatory reasons were also used to terminate him.  However, SecTek may avoid liability if it demonstrates that it would have fired Mr. Whitley for nondiscriminatory reasons alone, without considering his sex.  On this affirmative defense SecTek carries the burden of proof.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

UNITED STATES DISTRICT JUDGE